```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/27/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HECTOR ADORNO,

                Petitioner,

     -against-

WARDEN MICHAEL NESSINGER,

                Respondent.

24-CV-9760 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

      WHEREAS on November 21, 2024, Petitioner placed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 in the prison mail system, which was processed and filed in the United States District Court for the District of Rhode Island on November 27, 2024, *see* Dkt. 1;

      WHEREAS Petitioner was incarcerated and serving a sentence at Wyatt Detention Facility in Central Falls, Rhode Island, and filed a Motion Requesting an Order to Remain at Wyatt Detention Facility pending resolution of his Petition, *see* Dkt. 2;

      WHEREAS Petitioner brings a due process challenge to a disciplinary proceeding that occurred while he was incarcerated at Wyatt Detention Facility and seeks vacatur of the disciplinary actions taken as a result of that proceeding and immediate release from custody, *see* Dkt. 1;

      WHEREAS, at some point after Petitioner mailed the Petition, he was transferred to a Residential Re-entry Management ("RRM") Center located in New York, New York, and his Petition was transferred to this Court, *see* Text Order at Dkt. 3;

      WHEREAS Petitioner was then transferred to FTC Oklahoma City, located in Oklahoma City, Oklahoma, and was in custody there as of January 6, 2025;

WHEREAS Petition is now in custody at United States Penitentiary, Florence High, located in Florence, Colorado;

WHEREAS the "general rule in regard to personal jurisdiction under Section 2241 is that the writ may only issue within the district where the petitioner is 'in custody,'" *Ramirez v. United States*, No. 05CIV.2692(RMB)(KNF), 2007 WL 2729019, at *3 (S.D.N.Y. Sept. 14, 2007) (quoting *United States ex rel. Rudick v. Laird,* 412 F.2d 16, 20 (2d Cir. 1969));

WHEREAS Section 2241 limits a district court's jurisdiction to adjudicate "a prisoner's petition for habeas corpus to those situations where the prisoner *both* is physically present in the court's territorial jurisdiction *and* is detained or held in custody within that jurisdiction," and a court lacks "power to issue a writ unless the person who has custody of a petitioner is within reach of the court's process," *Laird*, 412 F.2d at 20–21 (emphasis added); and

WHEREAS Petitioner's 2241 petition is deemed to have been filed on the day it was placed into the prison mail system, *see Noble v. Kelly*, 246 F.3d 93, 97–98 (2d Cir. 2001), which was November 21, 2024; and

WHEREAS on January 6, 2025, the Court ordered the Clerk of Court to notify the Civil Division of the U.S. Attorney's Office for the Southern District of New York of this matter and to mail a copy of that Order to Petitioner at FTC Oklahoma City, but the Government was not notified, *see* Dkt. 7;

IT IS HEREBY ORDERED that the Clerk of Court is respectfully directed to electronically notify the Civil Division of the U.S. Attorney's Office for the Southern District of New York that this Order has been issued.  The Government's deadline to file a letter detailing the dates on which Petitioner was transferred from Wyatt Detention Facility in Rhode Island to

the RRM Center in New York and proposing appropriate next steps is ADJOURNED *nunc pro tunc* from Friday, January 24, 2025, to **Friday, February 7, 2025**.

      IT IS FURTHER ORDERED that the Clerk is respectfully directed to mail a copy of this Order and the Court's prior Order at Dkt. 7 to Hector Adorno, Register No. 91044-038, USP Florence – High, U.S. Penitentiary, P.O. BOX 7000, Florence, CO 81226.

**SO ORDERED.**

Dated:   January 27, 2025
           New York, New York

                                                **VALERIE CAPRONI**
                                                **United States District Judge**